UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:18-cv-02541 |
| | ) | |
| SHI HAN, | ) | |
| | ) | |
| Defendant. | ) | Hon. Sara L. Ellis |
| | ) | |

# ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

## *ANSWER*

COMES NOW Defendant Shi Han (hereinafter "Defendant"), by and through counsel, and hereby answers Plaintiff's Amended Complaint in this action as follows:

### Introduction

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

**ANSWER**: Admitted.

2. Defendant is a persistent online infringer of Plaintiff's copyrights. Indeed, Defendant's IP address as set forth on Exhibit A was used to illegally distribute each of the copyrighted movies set forth on Exhibit B.

**ANSWER**: Denied.

3. Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the "Copyrights-in-Suit.")

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint, and on that basis the allegations are denied.

## Jurisdiction And Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint, and on that basis the allegations are denied. Assuming that Plaintiff does own the copyrights set forth on Exhibit B to the Amended Complaint, Defendant admits that this Court would have subject matter jurisdiction over this matter.

5. Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that Defendants acts of copyright infringement occurred using an Internet Protocol address (IP address) trace to a physical location within this District, and therefore this Court has personal jurisdiction over the Defendant because (i) Defendant committed the tortious conduct alleged in this Complaint in this State, and (ii) Defendant resides in this State and/or (iii) Defendant has engaged in substantial and not isolated business activity in this State.

**ANSWER**: Defendant admits that he resides in the District, and admits that personal jurisdiction is proper. Defendant does not have sufficient information to admit or deny the remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint, and on that basis the remaining allegations are denied.

6. Based upon experience filing over 1,000 cases the geolocation technology used by Plaintiff has proven to be accurate to the District level in over 99% of the cases.

**ANSWER**: Defendant admits that Plaintiff has filed over 1,000 cases. Defendant does not have sufficient information to admit or deny the remaining allegations contained in Paragraph 6, and on that basis the remaining allegations are denied.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because each Defendant or Defendant's agent resides or may be found in this District.

**ANSWER**: Defendant admits that he resides in this judicial district and admits that venue is proper on this basis. Defendant otherwise lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 7, and on that basis the remaining allegations are denied.

**Parties**

8. Plaintiff, Malibu Media, LLC (d/b/a "X-Art.com"), is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at 30700 Russell Ranch Road, Suite 250, Westlake Village, CA 91362.

**ANSWER**: Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 8, and on that basis they are denied.

9. Defendant, Shi Han, is an individual residing at 2239 Avalon Court S, Buffalo Grove, IL 60089.

**ANSWER**: Admitted.

**Factual Background**

*I. Defendant Used the BitTorrent File Distribution Network To Infringe Plaintiff's Copyrights*

10. The BitTorrent file distribution network ("BitTorrent") is one of the most common peer-to-peer file sharing venues used for distributing large amounts of data, including, but not limited to, digital movie files.

**ANSWER**: As to the description of BitTorrent technology, admitted. Defendant denies infringing Plaintiff's copyrights.

11. BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network. The methodolgy [sic] of BitTorrent allows users to interact directly with each other, thus avoiding the need for intermediary host websites which are subject to DMCA take down notices and potential regulatory enforcement actions.

**ANSWER**: Defendant lacks sufficient knowledge or information to admit or deny the implied allegation that BitTorrent does not utilize intermediary host websites and that BitTorrent is not subject to DMCA, and on that basis denies that portion of the allegation. Defendant lacks sufficient knowledge or information to admit or deny that or why BitTorrent is "popular." Defendant admits that the BitTorrent protocol operates by direct interactions between users.

12. In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces. Users then exchange these small pieces amongst each other instead of attempting to distribute a much larger digital file.

**ANSWER**: Admitted.

13. After the infringer receives all of the pieces of a digital media file, the infringer's BitTorrent client software reassembles the bits so that the file may be opened and utilized.

**ANSWER**: Admitted as to how BitTorrent works. Defendant denies engaging in any infringing conduct.

14. Each piece of a BitTorrent file is assigned a unique cryptographic hash value.

**ANSWER**: Defendant admits that pieces are assigned hash values but denies that each hash is necessarily "unique."

15. The cryptographic hash value of the piece ("piece hash") acts as that piece's unique digital fingerprint. Every digital file has one single possible cryptographic hash value correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each bit is properly routed amongst BitTorrent users as they engage in file sharing.

**ANSWER**: Defendant denies that assignment of a cryptographic hash value for each piece will necessarily be "unique" in every instance, as this avoids the documented problem of

what are typically called hash collisions. It is possible (although rare) for two unrelated pieces to have an identical cryptographic hash value, as a matter of pure coincidence. Defendant admits that the BitTorrent protocol uses hash values in connection with routing pieces to BitTorrent users but otherwise lacks sufficient information to respond to the second sentence and on that basis, that sentence is denied.

16. The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). Once infringers complete downloading all pieces which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

**ANSWER**: Defendant denies that assignment of a cryptographic hash value will necessarily be "unique" in every instance, but otherwise admits this allegation.

17. Plaintiff's investigator, IPP International UG, established a direct TCP/IP connection with the Defendant's IP address as set forth on Exhibit A.

**ANSWER**: Denied.

18. Plaintiff's investigator downloaded from Defendant one or more pieces of each of the digital movie files identified by the file hashes on Exhibit A.

**ANSWER**: Denied.

19. Each digital media file as identified by the file hash listed on Exhibit A correlates to a copyrighted film owned by Plaintiff, as set forth on Exhibit B.

**ANSWER:** Defendant does not possess sufficient information to address the veracity of the allegations contained in Paragraph 19, and on that basis they are denied.

20. A full copy of each digital media file was then downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched what is listed on Exhibit A. At no point was Plaintiff's copyrighted content uploaded to any other BitTorrent user.

**ANSWER**: Denied.

21. Each digital media file as identified by the file hash listed on Exhibit A has been verified to contain a digital copy of a movie that is identical (or alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted work listed on Exhibit B.

**ANSWER**: Denied.

22. Plaintiff owns the copyrights to the original works ("Copyrights-in-Suit"). An overview of the Copyrights-in-Suit, including each hit date, date of first publication, registration date, and registration number issued by the United States Copyright Office is set forth on Exhibit B.

**ANSWER**: Defendant does not possess sufficient information to ascertain the veracity of the allegations contained in Paragraph 22, and on that basis they are denied.

23. Defendant downloaded, copied and distributed a complete copy of Plaintiffs movies without authorization as enumerated on Exhibits A and B.

**ANSWER**: Denied.

24. Plaintiff's investigator, over a course of time, with Defendant's IP address for each digital media file identified by the hash value as listed on Exhibit A. The most recent TC/IP connection between IPP and the Defendant's IP address for each file hash value listed on Exhibit

A is included within the column labeled Hit Date UTC. UTC refers to Universal Time which is utilized for air traffic control as well as for computer forensic purposes.

**ANSWER**: Defendant admits that Universal Time exists. The remaining allegations contained in Paragraph 24 are denied.

25. Plaintiff's evidence demonstrates that Defendant is a habitual and persistent BitTorrent user and copyright infringer.

**ANSWER**: Denied.

## Miscellaneous

26. All conditions precedent to bringing this action have occurred or been waived.

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 26, and on that basis they are denied.

27. Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

**ANSWER**: Defendant admits that Plaintiff has a lawyer, who it presumably pays, but otherwise lacks sufficient knowledge or information to admit or deny, and on that basis denies this allegation.

## COUNT I

### Direct Infringement Against Defendant

28. The allegations contained in paragraphs 1-27 are hereby re-alleged as if fully set forth herein.

**ANSWER**: Defendant adopts and incorporates his responses to Paragraphs 1-27 above as if set forth herein.

29. Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 29, and on that basis they are denied.

30. By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

**ANSWER**: Denied.

31. Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.

**ANSWER**: Defendant denies distributing Plaintiff's works, and based on that assertion denies the allegations contained in Paragraph 31.

32. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A) Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B) Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C) Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D) Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works nonsequentially and transmitting said display of the

works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

**ANSWER**: Denied.

33. Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

**ANSWER**: Denied.

34. Defendant denies the allegations contained in the prayer for relief, which begins on Page 6 of Plaintiff's Amended Complaint and begins "WHEREFORE", in their entirety. Defendant denies downloading or distributing Plaintiff's works, and denies that Plaintiff is entitled to any of the relief sought in Plaintiff's prayer for relief and anywhere else in its Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense - Misuse of Copyright

1. The goal of copyright law is to promote the arts and technology by providing exclusive rights for a certain amount of time.

2. The goal of copyright law is not to facilitate the creation of alternative revenue streams for creators of computer code.

3. Upon information and belief, Plaintiff's goal in filing this lawsuit and others like it is not a judgment on the merits. Instead, Plaintiff uses the Federal Court system to coerce settlements.

4. Upon information and belief, this lawsuit, like the many other Malibu Media suits, is a vehicle to create an alternative revenue stream rather than to promote the arts and technology.

5. Accordingly, Plaintiff is attempting to impermissibly expand the use of copyright for improper means.

6. For these reasons, Plaintiff should take nothing on its Complaint.

Second Affirmative Defense - Unconstitutionally Excessive Damages

7. Plaintiff's claims are barred insofar as they seek statutory damages that are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process Clause of the United States Constitution.

Third Affirmative Defense - De Minimis

8. Upon information and belief, Plaintiff generates millions of dollars in revenue by filming, photographing and video recording sexual acts and selling those recordings on the Internet.

9. Upon information and belief, Plaintiff provides many of those recordings free through third-party websites such as **www.pornhub.com**.

10. Defendant Han has been accused of downloading 19 different films, all of which could have been downloaded through **x-art.com** for a scant $29.95.

11. Defendant Han stands accused of providing small portions of data corresponding to the copyrighted works to Plaintiff's investigators.

12. These pieces may prove to be of minimal creativity or protectable elements.

Plaintiff cannot prove any actual financial loss from the alleged infringement, and any such damage would be limited to a small fee for membership on Plaintiff's website.

13. These amounts are minimal and Plaintiff should take nothing based on the doctrine of *de minimis non curat lex.*

### Fourth Affirmative Defense - Failure to Mitigate Damages

14. Plaintiff has hired IPP International UG ("IPP") to monitor the Internet for activities that allegedly infringe on its copyrights.

15. IPP has managed to monitor the Internet sufficiently to provide Plaintiff with information that Plaintiff has used to bring myriad cases throughout the United States and identified Defendant's IP Address as allegedly infringing some time ago.

16. Plaintiff failed to take any steps to mitigate its damages.

17. In particular, Plaintiff failed to make use of the inexpensive takedown processes provided by the Digital Millennium Copyright Act.

18. Further, unlike other industry participants such as the Recording Industry Association of America and the Motion Picture Association of America, Plaintiff has, upon information and belief, failed to engage in the "Six-Strikes Copyright Alert System," or any other similar system.

19. Having failed to mitigate its damages, Plaintiff is entitled to no relief.

### Fifth Affirmative Defense - No Infringement

20. Defendant Han has not engaged in or contributed to any infringement of the copyrights alleged.

### Sixth Affirmative Defense - Failure to State a Cause of Action

21. The facts alleged by Plaintiff are insufficient to state a cause of action against Defendant.

### Seventh Affirmative Defense - Failure to Join Indispensable Parties

22. Plaintiff has failed to join indispensable parties, namely other participants in the so-called swarms.

### Eighth Affirmative Defense - Statutory Relief Not Available

23. The one-satisfaction rule operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury. Plaintiff is barred from seeking statutory damages, costs, and/or attorney's fees under 17 U.S.C. § 504 to the extent plaintiff has already recovered for alleged infringements in prior actions or settlements.

24. Moreover, insofar as Plaintiff has received an award for statutory damages against other "swarm" participants transferring any particular film, Plaintiff's recovery should be limited to Doe's portion of that statutory award.

### Ninth Affirmative Defense - No Willful Infringement

25. Any infringement by Defendant was innocent and not willful.

26. Defendant was not aware and had no reason to believe that any of her acts constituted an infringement of copyright.

### Tenth Affirmative Defense - Acquiescence

27. Plaintiff's claims are barred by the doctrine of acquiescence.

28. Plaintiff knew of their films being downloaded and did nothing.

### Eleventh Affirmative Defense - Estoppel

29. Plaintiff's claims are barred by the doctrine of estoppel. Without admitting any infringement, Defendant alleges that, though plaintiff knew the facts of any alleged file-sharing by Defendant and/or others using Defendant's Internet connection, Plaintiff acted in such a manner that Defendant and/or third parties were entitled to, and did, believe that the continued availability of the copyrighted work on BitTorrent was intended by Plaintiff, and any actions to download were induced by, and done in reliance on, Plaintiff's conduct. This is compounded by the fact that Plaintiff, upon information and belief, allows for free distribution of its films on so-called "tube sites."

### Twelfth Affirmative Defense - Unclean Hands

30. Plaintiff's claims are barred by the doctrine of unclean hands.

31. Upon information and belief, the works complained of may have been created in violation of various ordinances and statutes such as ordinances concerning condom use while filing pornography, permit requirements for filming, and record keeping requirements concerning actors in pornographic works.

32. Upon information and belief, Plaintiff obtained the information and data used to justify bringing this case by paying an unlicensed private investigator in violation of Illinois state law.

### Thirteenth Affirmative Defense - Lack of Volitional Act

33. Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendant.

Fourteenth Affirmative Defense - Injunctive Relief Not Warranted

34.     Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

35.     Moreover, the "Most Recent Hit UTC" (Doc. 11-3) suggests that any purported infringement is no longer ongoing.

Fifteenth Affirmative Defense - Intervening Causes

36.     Without admitting that Plaintiff has sustained any injury or damages and without admitting any liability whatsoever, Defendant alleges that the injuries complained of and the damages sought by Plaintiff in this Complaint and each such separate claim for relief asserted therein was the direct and proximate result of certain independent actions of third parties over whom Defendant has no control. Therefore, Defendant is not liable for any of the damage that may have resulted therefrom.

Additional Defenses

37.     Defendant reserves the right to supplement and/or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and pleadings in this action.

<b>COUNTERCLAIMS AGAINST MALIBU MEDIA, LLC</b>

By way of counterclaim against Malibu Media, LLC, defendant and counterclaimant Shi Han states as follows:

The Parties

1.      Defendant is an individual residing in Buffalo Grove, Illinois, in this judicial district.

2. Plaintiff/Counter-defendant, Malibu Media, LLC, (d/b/a "X-Art.com") is a limited liability company organized and existing under the laws of the State of California, having its principle place of business located at 9701 Wilshire Boulevard, 10th Floor, Beverly Hills, California, 90212 (according to the California Secretary of State as of the date of the filing of this Answer and Counterclaims).

Jurisdiction and Venue

3. This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202. The counterclaims are so related to the claims asserted by Plaintiff in this action that they form part of the same case or controversy under Article III of the U.S. Constitution, and arise out of common facts, transactions, or occurrences as provided under Rules 13 and 20 of the Federal Rules of Civil Procedure.

4. This Court has personal jurisdiction over Malibu Media. Malibu Media availed itself of this Court's jurisdiction by bringing this action in this District.

5. Venue in this District is proper over the Counterclaims pursuant to 28 U.S.C. § 1391.

General Background for All Counterclaims

6. Plaintiff is one of the most prolific copyright litigants in recent history.

7. Plaintiff creates pornographic works and sells subscriptions to users to view them.

8. Legal scholars have gathered data demonstrating that pornography-related BitTorrent litigation constitutes a significant portion of the United States District Courts' copyright caseload. Sag, M., *Copyright Trolling, An Empirical Study*, 100 Iowa L. Rev. 1105 (2015).

9. Plaintiff has filed many thousands of lawsuits against purported infringers that used BitTorrent to infringe on its copyrights in its pornographic films.

10. In the past, Plaintiff filed so-called mass-Doe suits, wherein it filed against a large number of purported infringers in a single action in a given district. It later refined that practice to filing single-Doe cases in large numbers in any given district.

11. More recently, Plaintiff has elected to sue smaller numbers of individuals.

12. In the past, Plaintiff has acknowledged that an IP address, alone, is insufficient to identify an infringer.

13. Many John Doe defendants settle the claims brought against them.

14. Upon information and belief, many John Does have settled claims based on the nature of the films (pornographic) allegedly infringed in the swarms complained of here.

15. Thus, it is not unlikely that Plaintiff has reached the statutory maximum for many of the copyrights that Plaintiff claims have been infringed or has already recovered statutory damages from other members of the swarms.

16. Defendant has informed Plaintiff of possible issues with its investigators' evidence, explaining that Malibu has had trouble bringing the purported evidence to bear on proceedings in the past.

17. Defendant has been named as an infringer of copyrights, a claim he denies.

18. Defendant wishes to clear his name of these accusations.

Count I - Declaratory Judgment of Non-Infringement

19. Defendant incorporates by reference all foregoing allegations made in her affirmative defenses and counterclaims as if fully set forth herein.

20. There is an actual and justiciable controversy between the parties regarding Defendant's purported infringement of Plaintiff's pornographic works.

21. Internet service providers assign IP addresses to end users, e.g. Defendant's home routers that access the Internet.

22. IP addresses neither identify the computer connecting to the router nor the person using the computer.

23. Indeed, the best correlation that an IP address can provide is the bill-payer for a given Internet account.

24. Plaintiff has acknowledged that IP addresses do not identify infringers.

25. Yet, Plaintiff has publicly named Defendant Han with insufficient evidence that she is an infringer of its copyrights.

26. Defendant Han did not infringe the copyrights complained of in Plaintiff's Amended Complaint.

WHEREFORE, Defendant Han respectfully requests that this Court enter judgment in his favor and against Malibu Media, LLC, providing as follows:

A. Plaintiff take nothing from its amended complaint and its claims be dismissed with prejudice;

B. Declaring that Defendant Han is not liable for infringing Plaintiff's copyrights;

C. That Plaintiff has misused its copyrights and they should be unenforceable;

      D.      Awarding Defendant his costs and reasonable attorney's fees incurred during this action;

      E.      Awarding Defendant all damages resulting from Plaintiff's actions complained of; and

      F.      Any other relief this Court deems just and proper.

### Demand for Jury Trial

Under Federal Rule of Civil Procedure 38, and any other applicable Rule or law, Defendant Han demands a trial by jury as to any issue triable by a jury.

                      Respectfully submitted,

                      /s/ Erin K. Russell
                      Erin K. Russell, Esq.
                      THE RUSSELL FIRM, LLC
                      650 W. Lake Street, Suite 210A
                      Chicago, IL 60661
                      T: 312-994-2424
                      erin@russellfirmip.com
                      *Counsel for Defendant*

### CERTIFICATE OF SERVICE

This is to certify that on September 19, 2018, a copy of the foregoing was filed via the Court's ECF filing system, thereby serving it upon all counsel of record.

                      /s/ Erin K. Russell